Case 09-31875   Document 55   Filed in TXSB on 04/03/2009   Page 1 of



**ENTERED
04/03/2009**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> CALTEX HOLDINGS LP §    CASE NO. 09-31875 <br> A Texas Limited Partnership, § <br> § <br> Debtor. § <br> § | |

### ORDER (1) APPROVING DEBTOR'S EMERGENCY MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTION 363(b) AND (f) [DOCKET NO. 37], AND (2) AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS [RELATING TO DOCKET NOS. 5 AND 39]

CAME ON FOR CONSIDERATION at an emergency hearing on April 2, 2009, the Debtor's Emergency Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. Section 363(b) and (f) [Docket No. 37] (the "Sale Motion"), and the Debtor's Emergency Motion for Emergency Hearing on Debtor's Expedited Motion for Preliminary and Final Hearing and Order Authorizing Use of Cash Collateral [Docket No. 39 and Docket No. 5] (the "Cash Collateral Request"). Based upon the arguments of counsel at hearing, the evidence introduced at hearing, and the affirmative consent of NewStar Financial, Inc. and certain of its related entities (collectively, "Lender"), the secured lender to CalTex Holdings LP ("Debtor"), and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and, any objection to the Sale Motion having been withdrawn, overruled and/or considered, and after due deliberation thereon, the Court finds that the Sale Motion should be approved, the Court hereby orders as follows:

1. The Sale Motion is granted and approved and the Debtor may consummate the sales as set forth in each Equipment Purchase Agreement (as defined in the Sale Motion).

2. The assets sold shall be free and clear of all Liens pursuant to 11 U.S.C. Section 363(f)(2)). Any valid, perfected and enforceable Liens on the assets to be sold shall attach to the proceeds of the sale to the same extent, validity and priority as such existed on the assets.

3. The sale proceeds shall be deposited in a cash collateral account (the "Account"). Any cash in the Account shall constitute the cash collateral of the Lender. The Account shall be established in the name of the Debtor, as debtor-in-possession, with disbursement authority as described below.

4. The Debtor is authorized to use the cash collateral in the Account solely in accordance with the attached Budget (the "Budget") and the terms of this Order. Funds may be disbursed from the Account only upon the dual authorization or signature of an authorized representative of each of the Debtor and the Lender. The Lender shall make an authorized representative available on no more than 48 hours notice (such notice to specifically request disbursement authority), and shall forthwith provide disbursement authority for disbursements authorized under this Order.

5. As adequate protection for the use of the cash collateral, the Lender is granted replacement security interests and liens (to the extent of and of the same priority as Lender's security interests and liens in and on the prepetition collateral) on all of the Debtor's existing and hereafter acquired assets, and on all cash and non-cash proceeds of all the foregoing, but only to the extent and in the priority of Lender's valid and perfected liens on such assets prior to the petition date, which post-petition liens shall be deemed to be valid, perfected, non-avoidable and effective from the petition date.

HOU:2914064.2

6. Nothing contained herein shall be deemed or construed to: (a) limit NewStar to the relief granted herein; (b) bar NewStar from seeking other and further relief (including, without limitation, relief from the terms of this Order) for cause shown on appropriate notice; or (c) require NewStar to make any loans or advances to the Debtor.

7. In the event that the Debtor defaults under or violates this Order, (i) the Debtor's authority to use cash collateral, including any cash in the Account, shall immediately terminate, and (ii) NewStar's obligation to authorize disbursements under this Order shall terminate.

8. The Debtor's request to pay any amounts to WK Management Services as set forth in the Cash Collateral Request is denied with prejudice.

Dated this 3 day of April, 2009.

_____
United States Bankruptcy Judge

-3-

HOU:2914064.2

Case 09-31875   Docume

| Week Number: | 1 | 2 | 3 |
|---|---|---|---|
| ($ in thousands, except for prices) | 3/23/09 | 3/30/09 | 4/6/09 |
| | Projected | Projected | Projected |
| Beginning Cash Balance | 42,000 | 42,000 | 42,000 |
| **Revenue** | | | |
| Scrap metal and equipment sales | | | $ 196,000 |
| Other revenue | - | - | - |
| Total Net Revenue * | - | - | 196,000 |
| **Operating Disbursements** | | | |
| Payroll - General Partner | | | ~~10,448~~ |
| Benefits - General Partner | | - | ~~2,000~~ |
| Cell Phone | | | 276 |
| Copier Rental/Maintenance | | | 252 |
| Electric | | | 18,460 |
| Email Hosting/IT | | | 140 |
| Environmental Consulting | | | 140 |
| Environmental Permits/Licenses/Fees | | | 1,000 |
| Environmental Testing | | | 276 |
| Gasoline | | | 160 |
| Office Supplies | | | 92 |
| Phone/Internet | | | 600 |
| Property/Worker's Comp Insurance | | 101,269.01 | ~~75,000~~ |
| QuickBooks | | | 36 |
| Repair & Maintenance | | | 500 |
| Security | | | 7,384 |
| Utility deposit | | | 30,000 |
| Waste Disposal | | | 276 |
| Total | | 160,861.01 | ~~208,707~~ |
| Net Cash Flow from Operations * | - | - | (12,707) |
| Cash Balance before Professional Fees | 42,000 | 42,000 | 29,293 |
| | - | - | - |
| Professional Fees & Expenses | | | |
| Bankruptcy Counsel | - | - | - |
| Special Litigation Counsel | | | |
| Special Corporate Counsel | | | |
| Total Professional Fees & Expenses ** | - | - | - |
| Cash Balance after Professional Fees | 42,000 | 42,000 | 29,293 |
| Ending Cash Balance | 42,000 | 42,000 | 29,293 |